

1  Fred W. Schwinn (SBN 225575)
   Raeon R. Roulston  (SBN 255622)
2  CONSUMER LAW CENTER, INC.
   12 South First Street, Suite 1014
3  San Jose, California  95113-2418
   Telephone Number: (408) 294-6100
4  Facsimile Number: (408) 294-6190
   Email Address: fred.schwinn@sjconsumerlaw.com
5
6  Attorneys for Plaintiff
   GEORGINE MEDINA MADISON
7

8              IN THE UNITED STATES DISTRICT COURT
9            FOR THE NORTHERN DISTRICT OF CALIFORNIA
                SAN FRANCISCO/OAKLAND DIVISION
10
   GEORGINE MEDINA MADISON,            Case No. CV 13-01655 HRL
11
                          Plaintiff,   COMPLAINT
12
            v.                         DEMAND FOR JURY TRIAL
13
   GOLDSMITH & HULL, A PROFESSIONAL    15 United States Code § 1692 *et seq.*
14 CORPORATION, a California corporation; California Civil Code § 1788 *et seq.*
   and ERIC SCOTT MINTZ, individually and
15 in his official capacity,
16
                          Defendants.
17
18       Plaintiff, GEORGINE MEDINA MADISON, based on information and belief and investigation

19 of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are

20 alleged on personal knowledge), hereby makes the following allegations:

21                          **I.  INTRODUCTION**

22       1.   This is an action for actual damages, statutory damages, attorney fees and costs

23 brought by individual consumers for Defendants' violations of the Fair Debt Collection Practices Act,

24 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act,

25 California Civil Code § 1788, *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from

26 engaging in abusive, deceptive and unfair practices.

27 ///
28

2.   According to 15 U.S.C. § 1692:

a.   There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b.   Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c.   Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d.   Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e.   It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.   The California Legislature has found that:

The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

## II. JURISDICTION

4.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and

---

[1]  Cal. Civil Code § 1788.1(a)(1).

1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

     5.   This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### III. VENUE

     6.   Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV.  INTRADISTRICT ASSIGNMENT

     7.   This lawsuit should be assigned to the San Francisco/Oakland Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Alameda County.

### V. PARTIES

     8.   Plaintiff, GEORGINE MEDINA MADISON, F/K/A GEORGINE V. MEDINA (hereinafter "Plaintiff"), is a natural person residing in Alameda County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

     9.   Defendant, GOLDSMITH & HULL, A PROFESSIONAL CORPORATION (hereinafter "G&H") is a California corporation engaged in the business of collecting debts in this state with its principal place of business located at: 16933 Parthenia Street, Suite 110, Northridge, California 91343.  G&H may be served as follows: Goldsmith & Hull, A Professional Corporation, c/o William I.

Goldsmith, Agent for Service of Process, 16933 Parthenia Street, Suite 110, Northridge, California 91343. The principal business of G&H is the collection of debts using the mails and telephone and G&H regularly attempts to collect debts alleged to be due another. G&H is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

10. Defendant, ERIC SCOTT MINTZ (hereinafter "MINTZ"), is a natural person and licensed attorney in the state of California and is or was an officer, director, employee and/or authorized agent of G&H at all relevant times. MINTZ may be served at his current business address at: Eric Scott Mintz, Goldsmith & Hull, A.P.C., 16933 Parthenia Street, Suite 110, Northridge, California 91343. The principal purpose of MINTZ's business is the collection consumer debts due or alleged to be due another. MINTZ is regularly engaged in the business of collecting consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone and internet. MINTZ is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

11. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

12. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation in the form of a consumer credit account issued by Wells Fargo Bank, N.A. (hereinafter "the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a

"consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

13.    Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned to Defendants for collection from Plaintiff.

14.    On or about April 24, 2012, Defendants filed a lawsuit against Plaintiff in the Superior Court of California, Alameda County captioned *LHR, Inc. v. Georgine V. Medina, et al.*, Case No. HG12627124 (hereinafter the "*LHR v. Medina* complaint"), which sought to collect $5,678.65 in damages and attorney's fees according to proof.

15.    A true and accurate copy of the *LHR v. Medina* complaint is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

16.    The *LHR v. Medina* complaint (Exhibit "1") falsely states that Plaintiff became indebted directly to LHR, Inc.

17.    The *LHR v. Medina* complaint (Exhibit "1") falsely states that: "Defendants became indebted to the Plaintiff on an open book account for money due as provided in C.C.P. Section 337a, at the special insistence and request of the Defendants, for credit provided for the purchase of goods, wares, merchandise or services rendered."

18.    At no time has Plaintiff had an open book account with LHR, Inc., nor has Plaintiff ever opened any account with LHR, Inc.

19.    The *LHR v. Medina* complaint (Exhibit "1") falsely states that: "the obligation sued for was incurred . . . on an open book account which does not call for attorney fees, thereby entitling plaintiff to reasonable attorney fees pursuant to California Civil Code Section 1717.5."

20.    Because the agreement between Plaintiff and Wells Fargo Bank, N.A., contains a provision for attorney fees, neither Wells Fargo Bank, N.A., LHR, Inc., or the Defendants were entitled to seek attorney's fees on a book account claim under California Civil Code § 1717.5.

21. Because Wells Fargo Bank, N.A., is a national banking association, neither Wells Fargo Bank, N.A., LHR, Inc., or the Defendants were entitled to seek attorney's fees on a book account claim under California Civil Code § 1717.5.

22. The *LHR v. Medina* complaint (Exhibit "1") falsely states that: "an account was stated in writing by and between the Plaintiff and the Defendants wherein it was agreed that the Defendants, and each of them, were indebted to the Plaintiff in the sum of $5,678.65, plus pre-judgment interest, at the legal or maximum rate allowed by law from December 14, 2008, plus reasonable attorney's fees to be proven."

23. At no time was an account stated in writing between LHR, Inc., and Plaintiff, nor has Plaintiff ever agreed that she was indebted to LHR, Inc.

24. The *LHR v. Medina* complaint (Exhibit "1") falsely states that "Defendants, and each of them, became indebted to the Plaintiff in the amount of $5,678.65, plus pre-judgment interest thereon, at the legal or maximum rate allowed by law from December 14, 2008, representing the reasonable value of credit for the purchase of goods, wares, merchandise or services rendered and provided to the Defendants by the Plaintiff at the Defendant's special insistence and request, plus reasonable attorney's fees, to be proven."

25. At no time did LHR, Inc., provide credit to Plaintiff for the purchase of goods, wares, merchandise or services rendered.

26. At no time did Plaintiff become directly indebted to LHR, Inc., as alleged in the *LHR v. Medina* complaint (Exhibit "1").

27. Plaintiff is informed and believes, and thereon alleges, that Defendants made the above-described misrepresentations in the *LHR v. Medina* complaint (Exhibit "1") knowingly, intentionally, and as part of their pattern and practice of purposefully deceiving putative defendant

debtors into believing that LHR, Inc., was itself directly involved in the underlying credit transaction. In fact, and contrary to the above-described misrepresentations in the *LHR v. Medina* complaint (Exhibit "1"), LHR, Inc., had no such involvement whatsoever, and instead its only involvement was as the remote purchaser of Wells Fargo Bank's distressed debt portfolio approximately 4 years after Plaintiff allegedly made the last payment on the account and long after the account had been in default and had become dormant.

28.   Plaintiff is informed and believes, and thereon alleges, that Defendants engaged in the foregoing misconduct with the purpose of deterring Plaintiff and the unsophisticated putative debtors whom they were targeting from believing that they each had meritorious and complete defenses to the collection actions based on the fact that Defendants did not and do not have the means to prove any entitlement to the relief sought and thus of inducing such putative debtors into defaulting in the collection lawsuits.

29.   Plaintiff is informed and believes, and thereon alleges, that the *LHR v. Medina* complaint (Exhibit "1") misrepresented the character, amount and legal status of the alleged debt.

30.   Plaintiff is informed and believes, and thereon alleges, that the *LHR v. Medina* complaint (Exhibit "1") misrepresented the compensation which may be lawfully received by Defendants for the collection of the alleged debt.

31.   The *LHR v. Medina* complaint (Exhibit "1") bears the signature of Defendant, MINTZ.

32.   The *LHR v. Medina* complaint (Exhibit "1") represented or implied that Plaintiff's account had been reviewed by Defendant, MINTZ.

33.   Plaintiff is informed and believes, and thereon alleges, that MINTZ did not conduct a professional review of Plaintiff's alleged debt before drafting and filing the *LHR v. Medina*

- 7 -
COMPLAINT

complaint (Exhibit "1") and sending it to Plaintiff.[2]

34.    Plaintiff is informed and believes, and thereon alleges, that the *LHR v. Medina* complaint (Exhibit "1") misrepresented the role and involvement of legal counsel.

35.    Plaintiff is informed and believes, and thereon alleges, that the *LHR v. Medina* complaint (Exhibit "1") misrepresented the true source or nature of the communication, thereby making false statements in an attempt to collect a debt.

36.    After being served with the *LHR v. Medina* complaint (Exhibit "1"), Plaintiff retained legal counsel to defend herself, thereby incurring actual damages in the form of attorney's fees and costs.[3]

37.    As a result of Defendant's abusive debt collection practices, Plaintiff has incurred actual damages in an amount to be determined at trial.

38.    Plaintiff is informed and believes, and thereon alleges, that Defendants have filed and served standard form complaints in the form of Exhibit "1" on more than 40 persons in California in the one year preceding the filing of this Complaint.  Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT
### (Against All Defendants)

39.    Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

40.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

---

[2]  See, *Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993); *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

[3]  See, *Kapoor v. Rosenthal*, 269 F.Supp.2d 408, 413 (S.D.N.Y. 2003); *Venes v. Professional Service Bureau, Inc.*, 353 N.W.2d 671, 675 (Minn. Ct. App. 1984).

41.    Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

42.    Defendant, G&H, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

43.    Defendant, MINTZ, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

44.    The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

45.    Defendants have violated the FDCPA.  The violations include, but are not limited to, the following:

a.    Defendants made and used false, deceptive and misleading representations in an attempt to collect the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

b.    Defendants misrepresented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A);

c.    Defendants misrepresented the compensation which may be lawfully received by Defendants for the collection of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(B);

d.    Defendants falsely represented or implied that attorney MINTZ had professionally reviewed Plaintiff's alleged debt when MINTZ had not done so, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

e.    Defendants falsely represented the role and involvement of legal counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

f.    Defendants misrepresented the true source or nature of the communication,

in violation of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10); and

       g.   Defendants attempted to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the agreement creating the debt or otherwise permitted by law, in violation of 15 U.S.C. § 1692f(1).

      46.   Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

      47.   As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### (Against Defendant, G&H, Only)

      48.   Plaintiff brings the second claim for relief against Defendant, G&H, only under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

      49.   Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

      50.   Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

      51.   Defendant, G&H, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

      52.   The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

      53.   Defendant, G&H, has violated the RFDCPA. The violations include, but are not limited to, the following:

      a.   G&H made and used false, deceptive and misleading representations in an

attempt to collect the alleged debt, in violation of Cal. Civil Code § 1788.17;[4]

        b.    G&H misrepresented the character, amount or legal status of the alleged debt, in violation of Cal. Civil Code § 1788.17;[5]

        c.    G&H misrepresented the compensation which may be lawfully received by Defendants for the collection of the alleged debt, in violation of Cal. Civil Code §§ 1788.13(e), 1788.14(b) and 1788.17;[6]

        d.    G&H falsely represented or implied that attorney MINTZ had professionally reviewed Plaintiff's alleged debt when MINTZ had not done so, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[7]

        e.    G&H falsely represented the role and involvement of legal counsel, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[8]

        f.    G&H misrepresented the true source or nature of the communication, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[9] and

        g.    G&H attempted to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the agreement creating the debt or otherwise permitted by law, in violation of Cal. Civil Code §§ 1788.13(e), 1788.14(b) and 1788.17.[10]

      54.    G&H's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

      55.    As a result of G&H's violations of the RFDCPA, Plaintiff is entitled to an award

---

[4] 15 U.S.C. §§ 1692e and 1692e(10).
[5] 15 U.S.C. § 1692e(2)(A).
[6] 15 U.S.C. § 1692e(2)(B).
[7] 15 U.S.C. §§ 1692e(3) and 1692e(10).
[8] 15 U.S.C. §§ 1692e(3) and 1692e(10).
[9] 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10).
[10] 15 U.S.C. § 1692f(1).

of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

56.    As a result of G&H's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

57.    As a result of G&H's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not to exceed one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.17.[11]

58.    As a result of G&H's violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[12]

59.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a)  Assume jurisdiction in this proceeding;

b)  Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(3), 1692e(5), 1692e(10), and 1692f(1);

c)  Declare that Defendant, G&H, violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(e), 1788.13(i), 1788.14(b), 1788.16, and 1788.17;

d)  Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code §§ 1788.17 and 1788.30(a);

e)  Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15

---

[11]  15 U.S.C.§ 1692k(a)(2)(A).
[12]  15 U.S.C.§ 1692k(a)(3).

1    U.S.C. § 1692k(a)(2)(A);

2    f)  Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than

3        $1,000 against Defendant, G&H, pursuant to Cal. Civil Code § 1788.30(b);

4    g)  Award Plaintiff statutory damages in an amount not to exceed $1,000 against Defendant,

5        G&H, pursuant to Cal. Civil Code § 1788.17;[13]

7    h)  Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15

8        U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[14] and 1788.30(c); and

9    i)  Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
GEORGINE MEDINA MADISON

---

[13]  15 U.S.C. § 1692k(a)(2)(A).
[14]  15 U.S.C. § 1692k(a)(3).

**CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, GEORGINE MEDINA MADISON, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

- 14 -
COMPLAINT

*9644553*

<table>
<tr><td>1</td><td>GOLDSMITH & HULL, PC/11000941<br>Eric Mintz, SBN #207384<br>HOWARD D. MYERS, BAR #041811</td><td>FILED<br>ALAMEDA COUNTY</td></tr>
<tr><td>2</td><td>16933 Parthenia Street<br>Northridge, CA 91343</td><td>2012 APR 24  AM 11: 54</td></tr>
<tr><td>3</td><td>(818) 990-6600</td><td>CLERK OF THE SUPERIOR COURT</td></tr>
<tr><td>4</td><td>Attorneys for Plaintiff</td><td>BY: _____</td></tr>
</table>

6         SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

7                      SOUTHERN DIVISION

| | | |
|---|---|---|
| 9 | LHR, Inc. ) | Case No. HG12627134 |
| 10 |          Plaintiffs, ) | COMPLAINT FOR MONEY |
| 11 | vs. ) | [Limited Jurisdiction Case:<br>  Demand less than $10,000] |
| 12 | GEORGINE V MEDINA )<br>and DOES 1 through 30, Inclusive ) | AMOUNT OF DEMAND: $5,678.65 |
| 13 |         Defendants. ) | |

EXHIBIT
1

COMES NOW PLAINTIFF, who complains and alleges as follows:

I

FIRST CAUSE OF ACTION FOR OPEN BOOK ACCOUNT
CODE OF CIVIL PROCEDURE SECTION 337a

1. The obligation sued upon herein is payable in the County of ALAMEDA, State of California, in the above-mentioned judicial district because defendant(s) GEORGINE V MEDINA resides in the above-listed county and judicial district.

2. The true names and capacities of the Defendants sued herein as DOES 1 THROUGH 30, INCLUSIVE, whether individual, corporate, associates, or otherwise, are unknown to the Plaintiff at the present time, and Plaintiff therefore, sues said Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when the same shall be ascertained.

3. At all times mentioned each Defendant herein was the employee, agent and servant of each of the other Defendants and in doing the things herein alleged, was acting within the course and scope

1

COMPLAINT FOR MONEY

of their authority as such and with consent of each other Defendant.

4.  That within the last four years, on or about December 14, 2008, the Defendants became indebted to the Plaintiff on an open book account for money due as provided in C.C.P. Section 337a, at the special insistence and request of the Defendants, for credit provided for the purchase of goods, wares, merchandise or services rendered.

5.  That the obligation sued for herein was incurred after January 1, 1987, on an open book account which does not call for attorney fees, thereby entitling plaintiff to reasonable attorney fees pursuant to California Civil Code Section 1717.5.

6.  That although demand has been made upon the Defendants neither the said sum or any portion thereof, has been paid, and that there is now due, owing and unpaid, despite the Plaintiff's demand, the sum of $5,678.65, plus pre-judgment interest at the legal or maximum rate allowed by law from December 14, 2008, plus reasonable attorney's fees to be proven.

## II

### SECOND CAUSE OF ACTION FOR ACCOUNT STATED

7.  Plaintiff hereby incorporates each and every allegation as contained in paragraphs 1 through 6 of the First Cause of Action as though fully set forth at length.

8.  That within the last 4 years, an account was stated in writing by and between the Plaintiff and the Defendants wherein it was agreed that the Defendants, and each of them, were indebted to the Plaintiff in the sum of $5,678.65, plus pre-judgment interest, at the legal or maximum rate allowed by law from December 14, 2008, plus reasonable attorney's fees to be proven. No part of that sum has been paid.

## III

### THIRD CAUSE OF ACTION FOR REASONABLE VALUE

9.  Plaintiff hereby incorporates each and every allegation as contained in paragraphs 1 through 8 of the First Cause of Action as though fully set forth at length.

10.  That within the last 4 years, the Defendants and each of them, became indebted to the Plaintiff in the amount of $5,678.65, plus pre-judgment interest thereon, at the legal or maximum rate

2

1   allowed by law from December 14, 2008, representing the reasonable value of credit for the

2   purchase of goods, wares, merchandise or services rendered and provided to the Defendants by the

3   Plaintiff at the Defendant's special insistence and request, plus reasonable attorney's fees, to be

4   proven.

        WHEREFORE, Plaintiff prays for Judgment against the Defendants and each of them, for each

5   cause of actions, as follows:

6       1.  For the sum of $5,678.65;

7       2.  For pre-judgment interest thereon at the legal or maximum rate allowed by law from

8   December 14, 2008;

9       3.  For costs of suit incurred herein; and

10      4.  For reasonable attorney's fees to be proven provided by law.

11      5.  For such other and further relief as the court may deem just and proper.

12  Dated:  February 23, 2012

13                                              GOLDSMITH & HULL, PC

14

15

16                                              Eric Mintz
                                                Attorney for Plaintiff
17

18

19

20

21

22

23

24

25

26

27

28                          3

COMPLAINT FOR MONEY

1       SUPERIOR COURT OF CALIFORNIA , COUNTY OF ALAMEDA

2                   SOUTHERN DIVISION

3               STATEMENT OF LOCATION

4

5 CASE NAME: LHR, Inc., et al. vs. GEORGINE V MEDINA, et al.

6 CASE NUMBER:

7

8 Please check ONE of the following statements to indicate the basis for your filing of the Complaint in this Judicial District and fill in the address.

9

10 _____ 1. Cause of Action arose in this judicial district. Address of the cause of action is:

11 _____ 2. Property located in this judicial district.  The address of the property is:

12

13 _____ 3. Tort Occurred in this judicial district.  The address the tort is:

14 _____ 4. Contract entered into or to be performed in this judicial district.  The address where contract entered into or to be performed is:

15

16 XX__ 5. Defendant resides in this judicial district. The address of defendant is:

17 GEORGINE V MEDINA
2467 LIMEHOUSE LN
18 SAN LEANDRO CA 94577

19

20      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

21      Executed on February 23, 2012 at Northridge, California.

22

23                      GOLDSMITH & HULL, PC

24

25

26                      Eric Mintz
                     Attorney for Plaintiff
27

28