1
2
3
4
5
6
7                              IN THE UNITED STATES DISTRICT COURT

8                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                                      SAN JOSE DIVISION

10    GEORGINE MEDINA MADISON,                        CASE NO. 5:13-cv-01655 EJD

11                                                    **ORDER GRANTING PLAINTIFF'S**
                                                      **MOTION TO STRIKE; GRANTING**
12            v.          Plaintiff(s),               **PLAINTIFF'S MOTION FOR AWARD OF**
                                                      **SERVICE EXPENSES AND ATTORNEYS**
13    GOLDSMITH AND HULL, et. al.,                    **FEES**

14                                                    [Docket Item No(s). 15, 16]
                          Defendant(s).
15    _____/

16                                    I.    INTRODUCTION

17            On April 11, 2013, Plaintiff Georgine Medina Madison ("Plaintiff") filed a Complaint

18    against Defendants Goldsmith & Hull and Eric Scott Mintz (collectively, "Defendants") for

19    violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq., and the

20    Rosenthal Fair Debt Collections Practices Act ("RFDCPA"), California Civil Code § 1788 et. seq.

21    See Docket Item No. 1.  Plaintiff alleges that Defendants engaged in unlawful debt collection

22    activity within a state court lawsuit filed against Plaintiff on or about April 24, 2012.  Id.

23            Defendants filed an Answer to the Complaint on July 19, 2013, which included twelve

24    affirmative defenses.  See Docket Item No. 12.  Presently before the court is Plaintiff's Motion to

25    Strike the affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f).  See Docket Item

26    No. 16.  Also before the court is Plaintiff's Motion for an award of service expenses and attorneys

27    fees and costs pursuant to Federal Rule of Civil Procedure 4(d)(2).  See Docket Item No. 15.

28
                                                    1
CASE NO. 5:13-cv-01655 EJD
ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE; GRANTING PLAINTIFF'S MOTION FOR AWARD OF
SERVICE EXPENSES AND ATTORNEYS FEES

**United States District Court**
For the Northern District of California

1    Federal jurisdiction arises pursuant to 28 U.S.C. §§ 1331 and 1367.  Having carefully

2    reviewed the relevant documents, the court finds this matter suitable for decision without oral

3    argument pursuant to Civil Local Rule 7-1(b).  The hearing scheduled for November 1, 2013, will

4    therefore be vacated and Plaintiff's motions will be granted for the reasons explained below.

5                                    **II.    THE MOTION TO STRIKE**

6        **A.    Legal Standard**

7        Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an

8    insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  A defense

9    may be insufficient as a matter of pleading or a matter of law.  Security People, Inc. v. Classic

10   Woodworking, LLC, No. C-04-3133 MMC, 2005 U.S. Dist. LEXIS 44641, at *5, 2005 WL 645592

11   (N.D. Cal. Mar. 4, 2005).  "The key to determining the sufficiency of pleading an affirmative

12   defense is whether it gives plaintiff fair notice of the defense."  Wyshak v. City Nat'l Bank, 607 F.2d

13   824, 827 (9th Cir. 1979).

14       In this district at least, a defendant provides "fair notice" of an affirmative defense by

15   meeting the pleading standard articulated in Federal Rule of Civil Procedure 8, as further refined by

16   Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007), and Ashcroft v. Iqbal, 556 U.S.

17   662, 664 (2009).  See Otey v. Crowdflower, Inc., No. 12-cv-05524-JST, 2013 U.S. Dist. LEXIS

18   151846, at *11-12, 2013 WL 5734146 (N.D. Cal. Oct. 22, 2013) ("This Court agrees with the many

19   judges in this district, however, who routinely apply Iqbal's heightened pleading standard to

20   affirmative defenses."); see also Perez v. Gordon & Wong Law Group, P.C., No.

21   11-CV-03323-LHK, 2012 U.S. Dist. LEXIS 41080, at *24-25, 2012 WL 1029425 (N.D. Cal. Mar.

22   26, 2012).  Thus, while a defense need not include extensive factual allegations in order to give fair

23   notice (Security People, Inc., 2005 U.S. Dist. LEXIS 44641, at *6), it must include enough

24   supporting information to be plausible; bare statements reciting mere legal conclusions may not be

25   sufficient.  CTF Dev., Inc. v. Penta Hospitality, LLC, No. C 09-02429, 2009 U.S. Dist. LEXIS

26   99538, at *21, 2009 WL 3517617 (N.D. Cal. Oct. 26, 2009).

27       A court may also strike matter in an answer that is immaterial or impertinent.  Fed. R. Civ. P.

28

**United States District Court**
For the Northern District of California

2

CASE NO. 5:13-cv-01655 EJD
ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE; GRANTING PLAINTIFF'S MOTION FOR AWARD OF
SERVICE EXPENSES AND ATTORNEYS FEES

12(f).  Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded."  <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)).  Impertinent matter does not pertain, and is not necessary, to the issues in question.  <u>Id</u>.

Where a court strikes an affirmative defense, leave to amend should be freely given so long as there is no prejudice to the moving party.  <u>Wyshak</u>, 607 F.2d at 826.

**B.**     **Discussion**

**1.**     **Defenses Insufficient as a Matter of Pleading**

Having reviewed the entire Answer - which is essentially devoid of any factual allegations - the court finds that some of the asserted defenses are not plead with sufficient particularity to give Plaintiff fair notice of the basis for the asserted defense.  <u>Id</u>. at 827.  This determination encompasses the second affirmative defense based on the statutes of limitation, the third affirmative defense based on the actions of others, the tenth affirmative defense based on bona fide error, and the eleventh affirmative defense claiming curative action.

Despite their inclusion in the Answer, Defendants did not articulate why Plaintiff's causes of action are untimely (particularly since this action was filed less than one year after the alleged violation), did not identify any actions of anyone else that may have contributed to Plaintiff's damages, did not explain why the alleged violations could be the result of a bona fide error, and did not state what curative action was taken.  Without additional factual development from Defendants, Plaintiff cannot ascertain the basis for any of these affirmative defenses.  <u>See</u> <u>Qarbon.com Inc. v. eHelp Corp.</u>, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004).

Other defenses - the fourth affirmative defense for laches, the fifth affirmative defense for unclean hands, and the eighth affirmative defense for waiver - are just bare references to legal doctrines without any discussion of how they may apply to this case.  That is not sufficient. <u>Qarbon.com Inc.</u>, 315 F. Supp. 2d at 1049 ("A reference to a doctrine, like a reference to statutory provisions, is insufficient notice.");  <u>G & G Closed Circuit Events, LLC v. Nguyen</u>, No.

CASE NO. 5:13-cv-01655 EJD
ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE; GRANTING PLAINTIFF'S MOTION FOR AWARD OF SERVICE EXPENSES AND ATTORNEYS FEES

United States District Court
For the Northern District of California

1  10-CV-00168, 2010 U.S. Dist. LEXIS 104980, at *7-8, 2010 WL 3749284 (N.D. Cal. Sept. 23,

2  2010).

3      Accordingly, the second, third, fourth, fifth, eighth, tenth and eleventh affirmative defenses

4  will be stricken as plead.  Because these defenses may be applicable to this case with additional

5  factual support and legal discussion, the court will allow Defendants the opportunity to amend.

6              **2.      Defenses Insufficient as Immaterial or Impertinent**

7      Several of the affirmative defenses are deficient because they are either immaterial or

8  impertinent, including the sixth defense for indemnification, the seventh defense for contribution,

9  and the ninth defense for mitigation of damages.  These defenses "are applicable in negligence and

10  intentional tort actions and would appear to have no application to Plaintiff's claims under the

11  FDCPA and [RFDCPA]."  Scott v. Fed. Bond & Collection Serv., Inc., No. 10-CV-02825-LHK,

12  2011 U.S. Dist. LEXIS 5278, at *23, 2011 WL 176846 (N.D. Cal. Jan. 19, 2011).

13      Accordingly, the sixth, seventh, and ninth affirmative defenses will be stricken.  The court

14  will allow with leave to amend as Defendants may be able to explain their application to this case.

15              **3.      Defenses that are not Actual Defenses**

16      "Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which

17  deny plaintiff's right to recover, even if the allegations of the complaint are true."  Fed. Deposit Ins.

18  Corp. v. Main Hurdman, 655 F. Supp. 259, 262 (E.D. Cal. 1987).  "In contrast, denials of the

19  allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claim

20  are not affirmative defenses."  Nguyen, 2010 U.S. Dist. LEXIS 104980, at *13.

21      Here, the first defense for failure to state a claim is not an actual defense since it simply

22  embodies the contention that Plaintiff will be unable to prove the elements of the claims contained in

23  the Complaint.  In that regard, "[f]ailure to state a claim is not a proper affirmative defense but,

24  rather, asserts a defect in the plaintiff's prima facie case."  J & J Sports Prods v. Mendoza-Govan,

25  No. C 10-05123 WHA, 2011 U.S. Dist. LEXIS 47075, at *14-15, 2011 WL 1544886 (N.D. Cal. Apr.

26  25, 2011).

27      Furthermore, the twelfth defense, which merely reserves an ability to raise other defenses, is

28

CASE NO. 5:13-cv-01655 EJD
ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE; GRANTING PLAINTIFF'S MOTION FOR AWARD OF
SERVICE EXPENSES AND ATTORNEYS FEES

**United States District Court**
For the Northern District of California

1    not a defense.  This type of statement "serves no real purpose in the litigation and should be

2    stricken."  Solis v. Couturier, No. 2:08-cv-02732, 2009 U.S. Dist. LEXIS 63271, at *10, 2009 WL

3    2022343 (E.D. Cal. July 8, 2009).  In any event, it is duplicative of relief that can be based on the

4    Federal Rules of Civil Procedure.  Id.

5         Accordingly, the first and twelfth affirmative defenses will be stricken without leave to

6    amend because Plaintiff will be prejudiced by allowing these non-defenses to be re-plead.

7    **III.    THE MOTION FOR SERVICE EXPENSES AND ATTORNEYS FEES AND COSTS**

8         **A.    Legal Standard**

9         "An individual, corporation, or association that is subject to service . . . has a duty to avoid

10   unnecessary expenses of serving the summons."  Fed. R. Civ. P. 4(d).  Federal Rule of Civil

11   Procedure 4(d)(2) provides a process to implement that duty:

12             If a defendant located within the United States fails to comply with a
               request for waiver made by a plaintiff located within the United States,
13             the court shall impose the costs subsequently incurred in effecting
               service on the defendant unless good cause for the failure be shown.
14

15        "Once a plaintiff has sent a valid request for a waiver of service of process, the burden shifts

16   to the defendant to avoid imposing unnecessary costs on the plaintiff."  Rollin v. Cook, 466 Fed.

17   Appx. 665, 667 (9th Cir. 2012).  "Absent a showing of good cause, a defendant who fails to execute

18   a valid waiver 'must' pay the costs of formal service and any costs, including reasonable attorney's

19   fees, of any motion 'required' to collect service expenses."  Id.

20        **B.    Discussion**

21        According to her attorney's declaration, Plaintiff seeks to recover the following amounts: (1)

22   $1,000, or two and one-half hours of attorney time at $400 per hour, for attorneys fees incurred "in

23   preparing the Notice of Lawsuit and Request to Waive Service of Summons and Waiver of the

24   Service of Summons, communicating with Defendants in an effort to resolve this issue, engaging a

25   process server company to effectuate service of process, and preparing this motion," (2) $400, or 1

26   hour of attorney time, for attorneys fees incurred for preparing a reply and attending a hearing on

27   this motion, (3) $25.20 for photocopying expenses for the initial waiver of service, (4) $6.24 for

28

United States District Court
For the Northern District of California

5

United States District Court

For the Northern District of California

1    postage expenses, and (5) $158 for process server fees.  The total amount is $1,589.44.

2          While Defendants concede their obligation to pay some amount of fees and costs due to their

3    failure to timely execute waivers of service, they argue that Plaintiff is not entitled to recover the

4    entirety of fees and costs sought.  Specifically, Defendants contend that Rule 4(d)(2) only allows for

5    fees and costs attributable to effecting service of process and filing an ensuing motion but does not

6    allow for fees and costs incurred in preparing and sending the waiver forms.  Defendants have

7    therefore offered to pay $278, which amounts to $120 for 15 minutes of attorney time and $158 for

8    process server fees.

9          Defendants are correct.  Looking first at plain language, Rule 4(d)(2) allows only for

10   recovery of "subsequently incurred" fees and costs.  Reading that language in conjunction with other

11   subsections, the import of the "subsequently incurred" language is exactly what it says: to provide

12   for the recovery of those items arising subsequent to the presentation of a waiver of service, since it

13   is only at that point that defendant has eschewed its "duty to avoid unnecessary expenses of serving

14   the summons."  It therefore follows that fees and costs incurred to prepare and send the waiver of

15   service forms are items "necessary" to the initiation of the Rule 4(d) process and unrecoverable on

16   that ground.

17         The 1993 Advisory Committee Notes to Rule 4(d) are in accord with this interpretation.  Fed.

18   R. Civ. P. 4 advisory committee's note (1993) ("The rule operates to impose upon the defendant

19   those costs *that could have been avoided* if the defendant had cooperated reasonably in the manner

20   prescribed.").  So are other district courts.  See, e.g., Morales v. Si Diamond Tech., Inc., No. 98 Civ.

21   8309 (CSH), 1999 U.S. Dist. LEXIS 2964, at *5-7, 1999 WL 144469 (S.D.N.Y. Mar. 15, 1999).

22         Accordingly, Plaintiff is not entitled to recover much of what she requests.  Her requests for

23   fees and costs associated with preparing the waiver forms, including the costs for photocopying and

24   postage, are precluded under Rule 4(d).  Moreover, Plaintiff cannot recover for "communicating

25   with Defendants in an effort to resolve" the service issue, nor can she recover for "engaging a

26   process server company to effectuate service of process."  Id. at *6-7.

27         Plaintiff can recover the actual costs of service and the attorney fees incurred for preparing

28

6

1    this motion.  However, she did not delineate how much of the two and one-half hours of total

2    attorney time was spent on preparing the moving papers as opposed to that spent on preparing the

3    waiver forms.  Similarly, Plaintiff did not indicate how much of the anticipated additional hour was

4    spent on drafting the reply as opposed to attending a hearing that will not occur for this motion.

5          Under these circumstances, the court finds it reasonable to award plaintiff fees of $400 for

6    the preparation of the motion papers, which amounts to one hour of attorney time at his billing rate.

7    Plaintiff will also be awarded $158 for process server costs, for a total of $558.

8                                     **IV.   ORDER**

9          Based on the foregoing:

10         Plaintiff's Motion to Strike Defendants' affirmative defenses (Docket Item No. 16) is

11   GRANTED.  The first and twelfth affirmative defenses are STRICKEN WITHOUT LEAVE TO

12   AMEND.  The second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth and eleventh

13   affirmative defenses are STRICKEN WITH LEAVE TO AMEND.  If Defendants choose to file an

14   amended answer, they must do so on or before **November 8, 2013.**

15         Plaintiff's Motion for an award of service expenses and attorneys fees and costs pursuant to

16   Federal Rule of Civil Procedure 4(d)(2) (Docket Item No. 15) is GRANTED.  Defendants shall pay

17   to Plaintiff the total amount of $558.

18         The hearing scheduled for November 1, 2013, is VACATED.

19   **IT IS SO ORDERED.**

20

21   Dated:  October 24, 2013

22                                                    EDWARD J. DAVILA
                                                      United States District Judge

23

24

25

26

27

28

United States District Court
For the Northern District of California

                                          7

CASE NO. 5:13-cv-01655 EJD
ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE; GRANTING PLAINTIFF'S MOTION FOR AWARD OF
SERVICE EXPENSES AND ATTORNEYS FEES